

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| BOARD OF EDUCATION OF THE<br>CITY OF SAINT LOUIS, | ) | No. ED112985 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 2322-CC09501 |
| | ) | |
| MISSOURI CHARTER PUBLIC SCHOOL | ) | Honorable Joseph P. Whyte |
| COMMISSION AND MISSOURI STATE | ) | |
| BOARD OF EDUCATION, | ) | |
| | ) | |
| Respondents. | ) | Filed:  April 22, 2025 |

The Board of Education of the City of Saint Louis ("SLPS Board") appeals the trial court's judgment dismissing the SLPS Board's petition for declaratory judgment and injunctive relief ("petition") due to lack of standing.[1]  The only issue on appeal before this Court is the SLPS Board's standing to bring its petition challenging the establishment of a charter school within the SLPS Board's school district.  Accordingly, our holding is limited solely to the issue of standing and we do not reach the merits of any of the SLPS Board's allegations in its petition.[2]  We reverse the trial court's judgment dismissing the SLPS Board's petition for lack of standing and remand for further proceedings in accordance with this opinion.

---

[1] The SLPS Board filed a three-count petition in this case, but Count I was voluntary dismissed in April 2024. Accordingly, only Counts II and III of the SLPS Board's petition are at issue on appeal.  Additionally, all references to the SLPS Board's petition are to its amended petition.

[2] Furthermore, nothing in this opinion should be construed as a determination on the merits of any of the allegations set forth in the SLPS Board's petition.

## I.    BACKGROUND

On July 9, 2023, BELIEVE STL ("Believe STL") submitted an application for charter school sponsorship ("application" or "charter school application") to the Missouri Charter Public School Commission ("Commission") as required by section 160.405,[3] a statute governing, *inter alia*, the establishment of charter schools in Missouri. *See id*. In an attempt to comply with the notice requirements of section 160.405.1, Believe STL purportedly emailed a copy of its application to the Associate Superintendent of St. Louis Public Schools ("Associate Superintendent"). *See id*. However, due to a typographical error in the email address, it is unclear whether Associate Superintendent ever received the application. On July 18, 2023, the Commission, a state entity with the authority to sponsor charter schools in Missouri, held a public hearing on Believe STL's charter school application. *See* section 160.425.1, RSMo Cum. Supp. 2022. At a public meeting on the following day, the Commission voted to approve the application and to sponsor Believe STL's charter school. In September 2023, the Commission was informed that the SLPS Board was not given a copy of Believe STL's charter school application pursuant to the notice requirements of section 160.405.1. *See id*. After Believe STL subsequently sent the SLPS Board a copy of the application, the SLPS Board held a meeting and passed a resolution objecting to Believe STL's charter school application.

On November 16, 2023, Believe STL withdrew its charter school application and subsequently submitted a new application ("second application" or "second charter school application") to the Commission on the same day. A copy of Believe STL's second application was both hand-delivered and emailed to the SLPS Board on that same date. Four days later, on November 20, 2023, the Commission voted at a public meeting to approve Believe STL's second

---

[3] Unless otherwise indicated, all statutory references are to RSMo 2016.

application and to sponsor the charter school. Believe STL subsequently submitted its second charter school application to the Missouri State Board of Education ("Missouri Board"), the state entity charged with supervising instruction in Missouri public schools. *See* Mo. Const. art. IX, section 2(a). The Missouri Board approved Believe STL's second application on December 5, 2023.

In February 2024, the SLPS Board filed its petition for declaratory judgment and injunctive relief under section 536.150, the statute authorizing judicial review of non-contested administrative decisions. *See id.*; *St. Louis County v. State*, 482 S.W.3d 842, 846 (Mo. App. W.D. 2016). The SLPS Board's petition requested the trial court to, *inter alia*: (1) find that the actions of the Commission and the Missouri Board in approving Believe STL's second charter school application were "unlawful, unreasonable, arbitrary, and capricious;" and (2) issue injunctive relief to prevent Believe STL from opening its charter school until the statutory requirements of section 160.405 were met. In April 2024, the parties submitted a joint stipulation of facts, and the trial court held a hearing where both parties were given the opportunity to argue and present evidence to the court. At the hearing, the Commission and the Missouri Board argued, *inter alia*, that the SLPS Board lacked standing and therefore the court should dismiss its petition. The trial court issued its judgment in June 2024 dismissing the SLPS Board's petition for lack of standing, making no determinations as to the merits of the allegations in the petition. This appeal followed.[4]

## II.    DISCUSSION

The SLPS Board raises three points on appeal, all of which argue the trial court erred in dismissing its petition for lack of standing. Because the SLPS Board's third point on appeal is

---

[4] To avoid unnecessary repetition, additional facts relevant to this appeal will be set forth in Section II.B. of this opinion.

dispositive as to the issue of standing in this case, we need not reach the remaining points on appeal.

## A.    General Law and Standard of Review

Standing is a question of law subject to *de novo* review by this Court. *Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013). A party has standing to sue when it has some legally protectable interest in the litigation, even where that interest is attenuated, slight, or remote. *Id*. at 775; *Ste. Genevieve School District R II v. Board of Aldermen of City of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). A party has a legally protectable interest if the party is directly and adversely affected by the litigation or if the party's interest is conferred by statute. *Byrne & Jones Enterprises, Inc. v. Monroe City R-1 School District*, 493 S.W.3d 847, 851 (Mo. banc 2016). This Court determines standing on the basis of the petition along with any undisputed facts accepted as true by the parties. *Bethman v. Faith*, 462 S.W.3d 895, 899 (Mo. App. E.D. 2015).

## B.    Analysis and Conclusion as to the SLPS Board's Standing

In its third point on appeal, the SLPS Board argues it has legally protected interests conferred by section 160.405 and therefore has standing to bring the declaratory judgment and injunctive relief action at issue in this case. We agree.

In its petition, the SLPS Board alleged violations of section 160.405 by both the Commission and the Missouri Board. As discussed below, sections 160.405.1 and 160.405.2(1) confer legally protected interests upon the SLPS Board in this case.

Section 160.405.1 reads, in relevant part:

> A person, group or organization seeking to establish a charter school shall submit the proposed charter, as provided in this section, to a sponsor. If the sponsor is not a school board, the applicant shall give a copy of its application to the school board of the district in which the charter school is to be located and to the [Missouri Board], within five business days of the date the application is filed with the

4

proposed sponsor. The school board may file objections with the proposed sponsor, and, if a charter is granted, the school board may file objections with the [Missouri Board].

*Id.* Additionally, when, as in this case, the Commission is the sponsor of a charter school, section 160.405.2(1) provides in relevant part that a proposed charter "shall be submitted to the [Commission], and follow the [Commission's] policies and procedures for review and granting of a charter approval[.]" *See id.*

In this case, Believe STL sought to establish a charter school and submitted its second charter school application to its sponsor, the Commission. Because the Commission is not a school board, section 160.405.1 required Believe STL to give a copy of its second application to, *inter alia*, the SLPS Board, as the SLPS Board is the school board of the district where Believe STL sought to be located. *See id.* Section 160.405.1 also gave the SLPS board the right to file objections with the Commission after receiving a copy of the second application, and once the second application was granted, the right to file further objections with the Missouri Board. *See id.*

Based on the foregoing, the SLPS Board has legally protectable interests, conferred by statute under sections 160.405.1 and 160.405.2(1), in receiving a copy of any charter school application within its school district, in filing objections to any such application, and in the Commission following its official policies and procedures when, as in this case, the Commission is the sponsor of the charter school. *See id.*; section 160.405.1; *Byrne*, 493 S.W.3d at 851. Furthermore, the SLPS Board is the school board of the district where Believe STL, a charter school applicant, sought to be located, and the SLPS Board is therefore directly and adversely affected by the alleged failures of both the Commission and the Missouri Board to follow the procedures outlined in sections 160.405.1 and 160.405.2(1). *See id.*; section 160.405.1; *Byrne*, 493 S.W.3d at 851. Accordingly, the SLPS Board has legally protectable interests that are

5

sufficient to confer standing to bring the underlying action for declaratory judgment and injunctive relief in this case. *See Byrne*, 493 S.W.3d at 851; *Schweich*, 408 S.W.3d at 775. Point three on appeal is granted.

### III. CONCLUSION

The trial court's judgment dismissing the SLPS Board's petition for lack of standing is reversed, and we remand to the trial court for further proceedings in accordance with this opinion.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.